Tbe opinion of tbe Court was delivered by
O’NbIll, J.
We concur in tbe ruling of tbe Judge below. At common law, (1 Cbitty, PI. 67,) even in cases of injuries to personal property, if either party died, in general no action could be supported, unless in some way‘tbe injury could be converted into a contract implied by law.' But by tbe Stat. 4 Edw. 8, c. 7, 2 Stat. 425, an action was given to executors for “ a trespass done to tbeir testators, as of tbe goods and chattels of tbe same carried away in tbeir life time.” 1 Chit. PI. 68, 69. Under this Statute, Mr. Cbitty tells us an action was allowed to an executor for every description of injury to personal property, whatever tbe form of tbe action may be. But be also tells us, that no action can be maintained under tbe Stat. 4 Ed. 3, c. 7, for an injury done to real property, and to remedy this very matter, tbe Stat. 3 & 4 Wm. 4, c. 42, § 2, was passed. Id. 69. This last Statute is long since we emerged from British rule, and can have nothing to do with this case, except it be to show that tbe Stat. 4 Ed. 3, c. 7, cannot be construed to embrace real property.
Tbe only case which in this State has gone counter to tbe English decisions, is that of Nettles' Executors vs. D'Oyley, 2 Brev. 27.
It is difficult to conceive bow that case could be sustained. Eor tbe injury there, arising from tbe sale of tbeir testator’s land by tbe neglect of tbe defendant, was a plain injury to real property: and according to all tbe English cases, no action could be maintained. Tbe judges there seem to regard tbe *94 action as maintainable under tbe rule tbat “ for every injury done to tbe estate of a testator or intestate, a right of action survives to bis representatives.” This, if admitted, would not sustain tbe case. Eor tbe real estate does not go, or descend, to tbe executor or administrator, but to tbe devisees or distri-butees; and hence I confess, I think tbe case was decided wrong. But, conceding it to be law, it cannot help these parties. Eor there tbe injury proceeded upon tbe neglect of a public officer, and upon tbe wrong enforcement by him of a written contract of tbe testator, tbe mortgage, and might be therefore regarded in some degree, as quasi ex contractu. This case is a plain unmitigated tort done to tbe land of tbe deceased, resulting in consequential damages merely, and tbe administrators have no right to maintain tbe action.
• Nor can they have any right under tbe Act of 1789,5 Stat. 111. Tbe crop, as tbe intestate died after tbe 1st March, is assets in tbe plaintiffs’ bands, and if tbe overflow of tbe defendant’s mill-dam that year, bad injured tbe crop on tbe land of tbe intestate, then indeed an action might have been maintained by tbe plaintiffs, but no such allegation is made in tbe declaration.
Tbe motion to amend could not be allowed after judgment on general demurrer. Moore vs. Burbage, 2 McM. 168. But I confess I do not see bow tbe defendant’s injury could by any ingenuity be turned into a contract. Tbe motion is dismissed.
Wardlaw, WITHERS, Whither, Glover and Motro, JJ., concurred.

Motion dismissed.